IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2014 FEB 21  PM 3: 27

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
                    DEPUTY

UNITED STATES OF AMERICA

-vs-                                                        CAUSE NO.  A-13-CR-346-SS

MICHAEL BAKER (1)
MICHAEL GLUK (2)

_____

## O R D E R

BE IT REMEMBERED on the 20th of February, 2014, the Court called a hearing in the above-styled cause, and the parties appeared by and through counsel. Defendants were also present in the courtroom. Before the Court are Movant ArthroCare Corporation's Motion to Quash [#83], and Defendants' Response [#84]; Defendant Baker's Motion to Compel Compliance with Rule 16 Demand [#81], and the Government's Response [#91]; ArthroCare's Motion for Protective Order [#110]; Defendants' Motions for a Bill of Particulars [##66, 104], and the Government's Response [#72]; Defendants' Motion to Compel and Designate SEC as part of the Prosecution Team [#106], and the Government's Response [#111]; Defendant Baker's Motion to Dismiss Counts 15–17 for Improper Venue [#107]; Defendants' Motion for Release of *Brady* Materials [#109]; and Defendant Gluk's Motion for Disclosure of 404(b) Materials [#67]. Having reviewed the documents, the governing law, the arguments of counsel at the hearing, and the file as a whole, the Court now enters the following opinion and orders.

**Background**

In a seventeen-count Indictment, the Government has charged Defendants Baker and Gluk with numerous counts of conspiracy to commit wire and securities fraud, substantive wire and securities fraud, and making false statements to the Securities and Exchange Commission. Baker and Gluk are the former CEO and CFO, respectively, of ArthroCare Corporation, an Austin-based medical device company. The history of litigation involving ArthroCare and its employees, all centering around ArthroCare's financials across a roughly three-year period from 2005 to 2008, is extensive. *See, e.g.*, *Lee v. Baker*, No. 1:07-cv-009-SS (W.D. Tex. Apr. 6, 2007) (shareholder derivative suit); *In re ArthroCare Corp. Secs. Litig.*, No. 1:08-cv-574-SS (W.D. Tex. June 4, 2012) (securities class action); *SEC v. Raffle*, No. 1:11-cv-540-SS (W.D. Tex. July 19, 2011) (SEC enforcement action); *United States v. Raffle*, No. 1:12-cr-314-SS (W.D. Tex. filed Aug. 21, 2012) (criminal fraud case). Trial in this case is set for May 5, 2014. Defendants and ArthroCare have filed a number of motions, primarily concerning pretrial discovery, which the Court addresses in turn.

**Analysis**

I.     **Motions Concerning ArthroCare's Production of Privileged Memoranda**

Defendants and non-party ArthroCare have filed a number of motions concerning Defendants' desire to obtain from ArthroCare, either directly or via the Government, approximately 88 memoranda recounting interviews conducted by ArthroCare's attorneys during the period of time leading up to ArthroCare's restatement of its financials. The Government represents it initially requested the memoranda, but ArthroCare withheld the documents on the basis of the attorney-client and work-product privileges. The Government also represents the policies of the United States

Attorney's Office prevent the Government from further pursuing documents withheld on the basis of a facially valid privilege defense.

As an initial matter, the Court notes the memoranda are plainly privileged. There is no dispute these memoranda were prepared by ArthroCare's attorneys at a time when ArthroCare was both actively facing and threatened with multiple civil and criminal suits. *See Upjohn Co. v. United States*, 449 U.S. 383, 399 ("Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes." (citations omitted)). Moreover, contrary to Defendants' suggestions, ArthroCare has never waived the protections of the work-product doctrine. No one outside ArthroCare and its attorneys have seen the memoranda. ArthroCare's attorneys have apparently communicated some substance from some interviews to outside auditors at PricewaterhouseCoopers, but such disclosure "does not necessarily undercut the adversary process" and therefore does not waive the protections of the work-product doctrine. *See United States v. Deloitte LLP*, 610 F.3d 129, 140 (D.C. Cir. 2010) (holding disclosure of work-product protected documents to auditors at Deloitte & Touche did not waive privilege); *see also id.* at 139 ("To the best of our knowledge, no circuit has addressed whether disclosing work product to an independent auditor constitutes waiver. Among the district courts that have addressed this issue, most have found no waiver.").

Although the memoranda are plainly privileged, the circumstances of this case do reflect a fundamental unfairness in depriving anyone of the opportunity to see if the memoranda contain material which tends to exculpate the Defendants—in other words, whether, if the Government possessed the memoranda, it would be required to disclose them under *Brady*. The purposes of the work-product doctrine are not disserved by a disclosure in this case, as all litigation arising from

these facts has been concluded by final judgment, conviction, settlement, or deferred prosecution agreement, or is barred by the statute of limitations. Additionally, the undisputed record establishes ArthroCare is currently in the process of being sold to an outside buyer. There is therefore no reason to believe these memoranda, if material to Baker or Gluk's defenses, must necessarily be withheld.

In the interests of justice, and because of the unique factual circumstances presented here, the Court will order all of the memoranda (whether the number is 80, or 88, or something nearby) to be delivered—but *not* filed—under seal to the Court for *in camera* inspection and review within ten days. The Court is troubled the only thing standing between these Defendants and an adequate *Brady* review of these memoranda by the Government is the Government's policy of not challenging privilege assertions by non-parties. Although the Court is not in the best position to review these materials, a review is nonetheless necessary to determine if disclosure of these documents in this case is warranted, whether through subpoena or voluntary disclosure or by court order. The parties' various motions concerning these memoranda [##81, 83, 110] will be carried until the Court has had an opportunity to review the memoranda.

## II.     Motions for a Bill of Particulars

Defendants Baker and Gluk have each filed a motion for a bill of particulars seeking additional specificity from the Government on a number of matters. At the hearing, defense counsel represented all issues had been resolved by the parties with the exception of two requests made by Defendants: (1) the specific "sham transactions" referenced in paragraphs 23 and 29 of the Indictment; and (2) any specific statements made by Defendants in various ArthroCare Conference Calls which the Government contends were false. Defendants also raised a new request for audio recordings of those calls. The Government represented it would provide the requested audio

-4-

recordings. The Court further ordered the Government to identify the speakers on the transcripts of the calls, which were previously produced, and the Government agreed to do so. No further relief is warranted. The Indictment and extensive discovery already produced in this case provide Defendants "with sufficient information to enable [them] to prepare [their] defense and avoid surprise." *United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991). Defendants' motions for a bill of particulars [##66, 104] are DISMISSED in light of the parties' agreements and representations by the Government it will provide the necessary information.

### III.    Motion to Designate SEC as Part of the Prosecution Team

Defendants seek an order designating the SEC as part of the "prosecution team" in this case, thereby requiring the Government to provide various documents the SEC possesses. For purposes of Rule 16 discovery, the Government's obligation to provide *Brady* and Jencks material only extends to members of the "prosecution team," those investigative and prosecutorial personnel closely related to the case. *See United States v. Antone*, 603 F.2d 566, 569–70 (5th Cir. 1979) (finding state investigators part of federal prosecution team where investigators pooled energies, served as witnesses in the federal prosecution, and effectively "functioned as agents of the federal government") . The Government denies the SEC was involved in a joint investigation in this case. While the SEC provided some material to the Government—which the Government, in turn, has provided to Defendants—the SEC's investigation pre-dated and was independent from the Government's investigation, and there was no overlap of personnel or direction. There is no reason to believe the SEC was or is a member of the Government's prosecution team, and therefore an order compelling disclosure from the SEC is not warranted. Defendants' motion [#106] is DENIED.

## IV.    Motion to Dismiss for Improper Venue

Defendant Baker has moved to dismiss Counts 15–17 of the Indictment. Those counts charge Baker with making three specific false statements during a civil deposition before the SEC in the SEC's field office in Fort Worth, Texas. Baker contends those three counts must be brought in the Northern District of Texas, which encompasses Fort Worth, not the Western District of Texas. The Government disagrees, arguing a single trial in the Western District is appropriate. The Court agrees with the Government.

"Unless a statute or [the Federal Rules of Criminal Procedure] permit otherwise, the government must prosecute an offense in a district where the offense was committed." FED. R. CRIM. P. 18. Because the false statement statute, 18 U.S.C. § 1001, does not contain a venue provision, some courts have held false statement charges must be brought in the district where the false statements were made. *United States v. John*, 477 F. App'x 570, 572 (11th Cir. 2012) (unpublished); *United States v. Smith*, 641 F.3d 1200, 1208 (10th Cir. 2011). Other courts have disagreed, holding venue is proper for § 1001 purposes in any district where the effects of the materially false statement are felt. *United States v. Oceanpro Indus. Ltd.*, 674 F.3d 323, 329 (4th Cir 2012); *United States v. Ringer*, 300 F.3d 788, 791–92 (7th Cir. 2002); *see also United States v. Salinas*, 373 F.3d 161, 162 (1st Cir. 2004) ("When materiality is a critical component of the statutory definition, it makes perfect sense to consider the crime as continuing into the district in which the effects of the false statement are felt.").

The Fifth Circuit has not yet addressed this issue. In the absence of a specific rule from the Fifth Circuit, the Court concludes venue in this case is proper in the Western District of Texas. The materiality of Baker's allegedly false statements can only be determined by reference to his extensive

-6-

conduct in the Western District, where ArthroCare is headquartered, where Baker was employed, and where Baker stood to benefit from any false statements. In short, everything and everyone involved in this case is tied directly to the Western District.[1] The fact Baker made these particular statements in the Northern District is entirely fortuitous. It makes no sense for the Government, for Baker, or for the courts to try Baker in two separate districts for conduct related to the same allegedly fraudulent activity. Convicting Baker on the false statement charges in the Northern District would require essentially the same proof as will be offered at his trial in this district, because the impact of those allegedly false statements was felt in this district and intimately connected to Baker's and ArthroCare's dealings in this district. Baker's motion to dismiss [#107] is therefore DENIED.

## V.     Motions for *Brady* and 404(b) Materials

Defendants also seek orders requiring the Government to disclose *Brady* material and evidence it intends to introduce pursuant to Federal Rule of Evidence 404(b). The Government stated in open court it is well aware of its disclosure obligations and has provided all materials required by *Brady* and its progeny. The Government is in the best position to know whether it has complied with its *Brady* obligations, and its representation it has done so is sufficient. Additionally, the Government has previously agreed to disclose any 404(b) evidence thirty days before trial, which will provide Defendants with "reasonable notice" as required by the rule. FED. R. EVID. 404(b)(2)(A). Defendants' motions [##67, 109] are DISMISSED.

---

[1] Unfortunately for this Court's docket, every lawsuit involving ArthroCare also seems to be tied to this district.

**Conclusion**

Accordingly,

IT IS ORDERED that Movant ArthroCare Corporation shall submit under seal, but not file, the memoranda it has previously identified as responsive to Defendants' subpoenas for *in camera* review within TEN (10) DAYS of entry of this order. ArthroCare shall also provide a privilege log identifying its specific objections to the disclosure of all or portions of the memoranda;

IT IS FURTHER ORDERED that Movant ArthroCare Corporation's Motion to Quash [#83], Defendant Baker's Motion to Compel Compliance with Rule 16 Demand [#81], and ArthroCare's Motion for Protective Order [#110] are taken under advisement until the Court has conducted a review of the memoranda at issue in these motions;

IT IS FURTHER ORDERED that Defendants' Motions for a Bill of Particulars [##66, 104] are DISMISSED;

IT IS FURTHER ORDERED that Defendants' Motion to Compel and Designate SEC as part of the Prosecution Team [#106] is DENIED;

IT IS FURTHER ORDERED that Defendant Baker's Motion to Dismiss Counts 15–17 for Improper Venue [#107] is DENIED;

IT IS FURTHER ORDERED that Defendants' Motion for Release of *Brady* Materials [#109] is DISMISSED;

IT IS FINALLY ORDERED that Defendant Gluk's Motion for Disclosure of 404(b)

Materials [#67] is DISMISSED.

SIGNED this the __21st__ day of February 2014.


SAM SPARKS
UNITED STATES DISTRICT JUDGE