IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 JUL -2  AM 11:58
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
           DEPUTY

UNITED STATES OF AMERICA

-vs-                                              CAUSE NO. A-13-CR-346-SS

MICHAEL BAKER (1)
MICHAEL GLUK (2)

## ORDER

BE IT REMEMBERED on this day, the Court reviewed the file in the above-styled cause, and specifically Defendant Michael Baker's Motion for Acquittal [#293], and the Government's Response [#299]; Baker's Motion for New Trial [#294], and the Government's Response [#300]; and Defendant Michael Gluk's Motion for Acquittal or for New Trial [#295], and the Government's Response [#301]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders DENYING the motions.

### Background

Defendants Michael Baker and Michael Gluk were indicted and charged with conspiracy to commit wire and securities fraud, as well as substantive wire and securities fraud. Defendant Baker was also charged with making false statements to the United States Securities and Exchange Commission. The charges arose out of the Defendants' roles as the CEO and CFO of ArthroCare Corporation. A jury trial was held from May 5, 2014 to June 2, 2014. The jury heard testimony from dozens of witnesses, including both Defendants and two separately indicted alleged co-conspirators, John Raffle and David Applegate. The jury returned a unanimous verdict finding both Defendants

guilty on all fifteen (Baker) and twelve (Gluk) counts charged in the Superseding Indictment. The Defendants have now renewed their motions for acquittal, and Defendant Baker has also moved for a new trial.

## Analysis

### I. Motions for Acquittal

#### A. Legal Standard

A motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 is essentially a challenge to the sufficiency of the evidence. FED. R. CRIM. P. 29; *United States v. Hope*, 487 F.3d 224, 227 (5th Cir. 2007). The question for the court is "whether a reasonable jury could have properly concluded, weighing the evidence in a light most deferential to the verdict rendered by the jury, that all of the elements of the crime charged had been proven beyond a reasonable doubt." *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005). The court need not "analyze the evidence with an eye toward negating every possible inference of innocence, rather, if the fact finder was presented with sufficient evidence to support the verdict reached, that verdict must be upheld." *Id.*

#### B. Application

#### A. Defendant Baker[1]

Baker first argues there is insufficient evidence to sustain the conviction on the conspiracy count because the Government's star witnesses, Raffle and Applegate, were not credible. The jury heard the testimony of Raffle and Applegate, as well as the testimony of the Defendants. The jury

---

[1] Gluk "adopts and incorporates" each of Baker's arguments by reference in addition to advancing separate lines of argument. *See* Gluk's Mot. [#295], at 1 n.1.

was free to accept or reject any or all of that testimony. If the jury chose to believe either Raffle or Applegate—and by implication, to disbelieve Baker and Gluk—their individual testimony alone is sufficient to sustain a conspiracy conviction. In addition, there was substantial testimony from other sources, including one of ArthroCare's directors, Terrence Geremski, and ArthroCare employee Steve Oliver. The jury also saw mountains of evidence including emails from the Defendants and their alleged co-conspirators discussing the alleged scheme and the manner and means by which it was carried out. Viewed in the light most deferential to the jury's verdict, there is no question the evidence is sufficient to sustain the conviction on the conspiracy charge.

Baker next attacks the substantive wire fraud charges alleged in counts two through ten. Baker argues acquittal is required because (1) the only evidence the charged wires (emails) were transmitted in interstate commerce was inadmissible hearsay, and (2) there was insufficient evidence to prove Baker had the specific intent to defraud. Neither argument has merit.

First, the Government established the interstate nexus by eliciting testimony from FBI Special Agent Steven Callender about the location of ArthroCare's email servers in California and the interstate path intracompany emails would necessarily travel. Defendants were on notice Special Agent Callender's testimony would be based on conversations he had with ArthroCare's information technology director, but neither Defendant objected to Special Agent Callender's direct testimony on this subject. On cross-examination, Baker's counsel expressly elicited the basis of Special Agent Callender's testimony, even characterizing the direct testimony as hearsay in his questioning. Still, neither Defendant objected on the basis of hearsay. Having waived any hearsay objection, Defendants cannot now attack the testimony as inadmissible hearsay. *United States v. White*, 493 F.2d 3, 6 (5th Cir. 1974); *see also United States v. Montes-Salas*, 669 F.3d 240, 253–55 (5th Cir.

2012) (rejecting challenge to testimony which "was clearly hearsay" where defendant failed to timely object and later elicited the same testimony again on cross-examination without objection).

Second, there was sufficient evidence to support the jury verdict finding the Defendants had a specific intent to defraud. Most of Baker's arguments are simply challenges to the credibility of the testimony of Raffle and Applegate. *See, e.g.*, Baker's Mot. [#293], at 5 ("The government has not produced any evidence that Mr. Baker knew any of these statements to be false *other than the uncorroborated assertions of Messrs. Raffle and Applegate*." (emphasis added)); *id.* at 6 ("[T]he only evidence supporting the allegation that Mr. Baker knew any statements on the February 19, 2008 conference call were false is the unsubstantiated testimony of Messrs. Raffle and Applegate."). A reasonable jury could have believed the testimony of Raffle and Applegate, or disbelieved the contradictory testimony of the Defendants, and arrived at a guilty verdict. In addition, the testimony of Raffle and Applegate was supported by extensive documentary evidence and testimony from other witnesses establishing—even if only circumstantially—the Defendants' knowledge of the fraud and intent to proceed with it. The jury also heard each Defendant deny under oath having any intent to commit fraud, and was free to judge that testimony. The jury's unanimous guilty verdict on every count shows the jury chose not believe the Defendants. With respect to any emails which were sent by the other defendant, the evidence was sufficient to support a conspiracy conviction and the jury was properly instructed on co-conspirator liability, which provides a basis for each such conviction.

Baker raises similar challenges to the two securities fraud counts, arguing the evidence is insufficient to prove Baker's specific intent to defraud. Baker's argument on this point is no more than a single conclusory sentence: "The government has failed to prove specific intent with regard to either securities fraud count." Baker's Mot. [#293], at 8. The Court rejects this "argument" for the

same reasons stated above: the jury was presented with ample evidence, including the testimony of Raffle and Applegate, to support these convictions.

Finally, Baker challenges the three false statement counts arising from his deposition testimony before the SEC. Specifically, Baker alleges there is no evidence the statements he made to the SEC were material because no SEC witness testified about the deposition and its impact on the SEC's investigation.[2] As the Fifth Circuit has explained, in this context the materiality standard "is not whether the false statement actually influenced a government decision or even whether it probably influenced the decision; the standard is whether the misrepresentation was *capable* of influencing the agency decision." *United States v. Richardson*, 676 F.3d 491, 505 (5th Cir. 2012) (internal quotation marks omitted). The jury heard testimony indicating the SEC was investigating ArthroCare's conduct leading up to its financial restatements, and Baker's deposition testimony denied knowledge of and disagreed with characterizations of various ArthroCare transactions. The jury also heard ample evidence suggesting those transactions were fraudulent and Baker knew it. From this evidence, the jury could have reasonably concluded Baker's statements to the SEC were capable of influencing the agency's decision.

**B.    Defendant Gluk**

In addition to joining Baker's arguments, Gluk advances several arguments of his own. First, Gluk generally contends there was insufficient evidence to prove he was part of any conspiracy. In related arguments, Gluk contends any conduct he participated in, such as "channel stuffing,"

---

[2] Baker also dedicates a single sentence to arguing "there is no evidence of agency jurisdiction or venue for the false statements charge." Baker's Mot. [#293], at 10. There can be no serious argument Baker's statements to the SEC during its investigation of ArthroCare touched on a matter within the SEC's jurisdiction, which is why Baker offers no serious argument. The venue argument is denied again for the reasons previously set forth in this Court's order denying the motion to dismiss raising the same argument. *See* Order of Feb. 21, 2014 [#116].

returning merchandise, and adjusting bonus accrual figures, is not illegal. Gluk contends he was "prosecuted for GAAP account errors," and such errors are insufficient to prove criminal conduct. Second, Gluk argues he could not have committed securities fraud because he had no duty to disclose information he allegedly withheld from investors.

Gluk's first arguments are repeated from his prior motion to dismiss, which the Court denied in advance of trial. *See* Order of Apr. 11, 2014 [#164], at 3–4. The Court rejects these arguments again for the same reasons. Additionally, the evidence at trial, including the testimony of Raffle and Applegate, was more than sufficient to establish Gluk's knowing participation in a conspiracy to defraud ArthroCare's investors. Part of Gluk's defense was attempting to convince the jury his conduct was lawful and he lacked the necessary criminal intent to be liable. The jury heard his testimony, as well as all of the other evidence introduced in over four weeks of trial, and disagreed. It was wholly reasonable for the jury to do so. Moreover, despite Gluk's continued assertions he was "prosecuted for GAAP accounting errors" or for failing to disclose information, neither of those theories fairly characterizes the Government's case again him. Instead, the Government charged Gluk with conspiring with Raffle, Applegate, Baker, and others to lie to investors about ArthroCare's relationships with its distributors and misrepresent ArthroCare's revenue to drive stock prices up. The evidence presented at trial was more than sufficient to support the individual convictions on those theories.

## II.    Motions for New Trial

### A.    Legal Standard

Federal Rule of Criminal Procedure 33 allows a court, upon a motion by a defendant, to "vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P.

33(a). The Fifth Circuit has held "a new trial ordinarily should not be granted unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict." *United States v. Wright*, 634 F.3d 770, 775 (5th Cir. 2011) (internal quotation marks omitted). "A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant." *Id.* (internal quotation marks omitted).

**B.     Application**

**A.     Defendant Baker[3]**

Baker argues a new trial is required because the Government constructively amended the Superseding Indictment by introducing evidence regarding healthcare fraud. Specifically, the Government introduced substantial evidence concerning ArthroCare and its subsidiary DiscoCare's joint efforts to develop a network of personal injury attorneys to refer back-injury patients to cooperating doctors for treatment using ArthroCare's products, including "up-coding" those procedures to maximize billing revenue.

"A constructive amendment occurs when it permits the defendant to be convicted upon a factual basis that effectively modifies an essential element of the offense charged or permits the government to convict the defendant on a materially different theory or set of facts than that with which she was charged." *United States v. Thompson*, 647 F.3d 180, 184 (5th Cir. 2011) (internal quotation marks omitted). "Not all variations between allegation and proof, however, rise to the level of a constructive amendment and thus violate this rule." *Id.*

---

[3] Gluk "adopts and incorporates" each of Baker's arguments by reference in addition to advancing separate lines of argument. *See* Gluk's Mot. [#295], at 1 n.1.

There was no constructive amendment in this case. The Superseding Indictment put Baker on notice he was accused of conspiring to conceal "the nature and financial significance of ArthroCare's relationship with DiscoCare," and "how DiscoCare operated," including the personal injury model. Superseding Indictment [#141] ¶¶ 17, 22. Baker was also put on notice he was accused of making fraudulent statements in specific conference calls, including a call on which he responded directly to questions about DiscoCare's personal injury model. *Id.* ¶ 40. The Government's introduction of evidence relating to healthcare fraud at trial was not "inconsistent with the theory of the case as set forth in the indictment," and therefore no constructive amendment occurred. *Thompson*, 647 F.3d at 184.

### B. Defendant Gluk

Gluk contends he is entitled to a new trial because (1) the Court improperly excluded evidence related to ArthroCare's internal investigation and the SEC's investigation of ArthroCare; (2) the Court improperly admitted evidence related to healthcare fraud; and (3) Gluk was unfairly prejudiced by being tried alongside Baker. None of these arguments warrant a new trial.

The Court did exclude evidence from the ArthroCare and SEC investigations which Gluk sought to introduce to show the speakers' opinions Raffle or Applegate lied to Gluk. The Court excluded this hearsay opinion evidence as irrelevant and immaterial. The opinions of the previous investigators were not admissible, and would have served only to try to tell the jury how they should weigh the substantive evidence introduced at trial. Additionally, any contention Gluk was prejudiced by being unable to establish Raffle or Applegate lied cannot withstand a review of those witnesses' testimony—both admitted on the stand to lying to ArthroCare employees, the investing public, outside auditors, and investigators. They also admitted to pleading guilty to separate felony

indictments. The jury listened to each Defendant's counsel challenge each witness's credibility for days on end, and zealously attempt to discredit the witnesses in closing argument. The jury was presented with the evidentiary basis for disregarding Raffle or Applegate's testimony as not credible, and the jury's verdict represents a reasonable conclusion in light of that evidence.

The Court properly admitted evidence regarding ArthroCare's relationship with its subsidiary, DiscoCare, and the personal injury model. Those acts were central to the charges listed in the Superseding Indictment and the broader conspiracy charged therein. In addition to being directly relevant to the charges brought, the evidence was also relevant to establish the Defendants' motives to mislead investors about ArthroCare's relationship with DiscoCare and DiscoCare's specific business practices. *See United States v. Williams*, 900 F.2d 823, 825–26 (5th Cir. 1990) (intrinsic evidence of acts preliminary to charged crimes "is admissible so that the jury may evaluate all the circumstances under which the defendant acted").

Finally, Gluk was not unfairly prejudiced by the denial of his motion to sever. *See* Order of Apr. 11, 2014 [#164], at 5–6 (denying motion to sever).[4] "Generally, persons, like the defendants here, who are indicted together should be tried together." *United States v. Coppola*, 788 F.2d 303, 307 (5th Cir. 1986); *see also United States v. Rocha*, 916 F.2d 219, 228 (5th Cir. 1990) (in conspiracy cases, "severance is not required even where the quantum and nature of the proof in each case is different, so long as the trial court repeatedly gives cautionary instructions"). This Court repeatedly and properly instructed the jury about considering certain evidence only against Baker, not against Gluk, and the jury charge reaffirmed those instructions. Severance is not required simply

---

[4] Prior to trial, Gluk's most vigorous argument against severance concerned potential character evidence admissible only against Baker. That evidence was ultimately not offered by the Government at trial.

because some evidence against a co-conspirator might not have been admissible in a separate trial. Gluk also complains about the introduction of allegedly prejudicial evidence which the Court excluded initially, and only allowed to come into evidence because Gluk's counsel opened the door. Having invited the evidence, Gluk cannot contend it was the lack of severance which resulted in that evidence being introduced against him. Finally, Gluk complains he was seriously prejudiced ("in general") by Baker's testimony, but admits Baker did not offer any testimony against Gluk. Additionally, Gluk took the stand and voluntarily testified, presenting an adequate opportunity for him to distance himself from any testimony from Baker with which he took issue (though, as he admits, none was directed against him).

## Conclusion

Neither Defendant is entitled to a judgment of acquittal or a new trial. Accordingly,

IT IS ORDERED that Defendant Michael Baker's Motion for Acquittal [#293] is DENIED;

IT IS FURTHER ORDERED that Defendant Michael Baker's Motion for New Trial [#294] is DENIED;

IT IS FINALLY ORDERED that Defendant Michael Gluk's Motion for Acquittal or for New Trial [#295] is DENIED.

SIGNED this the 2nd day of July 2014.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE