**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Action No. 1:13-CR-346-SS |
| v. ) | |
| ) | |
| MICHAEL BAKER ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| _____ ) | |

**DEFENDANT MICHAEL BAKER'S OPPOSITION
TO SEC'S MOTION TO QUASH SUBPOENA
ON JAMES ETRI**

A.  **Introduction**

At the May 11, 2017 status conference, the parties discussed the defense request for disclosure of SEC materials related to the government's potential witness, James Etri. At that hearing, this Court instructed the government to affirmatively indicate by July 1 whether it would call Etri as a witness. In its written order the same day, this Court ordered the following:

> IT IS FURTHER ORDERED that the United States of America shall produce all Brady information and material relevant for effective cross-examination of James Etri, the Securities and Exchange Commission (SEC) attorney who ran the SEC's ArthroCare investigation, no later than July 1, 2017. The material produced should include all documents, such as memoranda written and received by Etri, relating to the SEC's investigation of ArthroCare up to the filing of the SEC's original complaint.

(Dkt. 449 at 1.) That order, by its plain terms, required the government to disclose (among other things) the four action memoranda that were written by Etri.

July 1 came and went, and the government neither definitively indicated whether it would call Etri nor disclosed the required material. After unsuccessful efforts to reach a resolution with the government on this matter, on July 7, Mr. Baker filed a motion to compel production. (Dkt. 475.) On July 18, Mr. Baker also served Etri with a subpoena, asking him to produce the same material ordered disclosed by this Court's order. (Dkt. 493-2.)

At a hearing on July 20, this Court again reiterated its prior ruling that, should Etri testify, the SEC must produce materials including the action memoranda for *in camera* review for potential *Brady/Giglio* material.

The SEC has now filed a motion to quash the subpoena, in which it appears to argue not only that the materials should not be produced to Mr. Baker, but that they should not be produced at all. Mr. Baker opposes that motion on the following grounds.

1

**B.      The Materials Are Discoverable Regardless of Whether Etri Testifies**

The SEC's motion is premised on the assumption that any materials are discoverable and admissible only if Etri testifies. That is not true. Mr. Baker reiterates his position that the government should be compelled to disclose these materials regardless of whether Mr. Etri testifies because the SEC is part of the prosecution team. Consequently, the materials must be disclosed under *Brady* and Fed. R. Crim. P. 16(a)(1)(E).

Although this Court ruled to the contrary before the first trial, recently obtained evidence calls for a different conclusion. When Mr. Baker and Mr. Gluk first raised the issue, this Court ruled that the SEC was a separate agency and not part of the prosecution team. At that time, there was little specific evidence (other than the disclosed referral memos from the SEC) that prosecutors and the SEC were coordinating their efforts. Since then, however, a mass of new evidence on the question has come to light.

Only recently, prosecutors disclosed email correspondence between Etri and members of the prosecution team. These emails are attached to this opposition as Exhibit A. The emails show regular coordination and cooperation over the course of several years. The emails also reference several phone conferences and in-person meetings between Etri and prosecutors. The contents of those conversations are unknown, of course, and it is also unknown how many other oral conversations took place between Etri and prosecutors. Without question, there are some conversations that have not been disclosed. For example, in conjunction with the government's second rehearing petition to the Fifth Circuit, Etri filed an affidavit in support of the petition. The disclosed communications do not reveal any conversations leading up to that affidavit, but obviously the effort was coordinated.

Regardless, even the emails that have been disclosed reveal a level of cooperation and coordination that easily meets the standard for finding that another agency is a member of the prosecution team. Prosecutors have "worked in close cooperation with the SEC," the SEC "has provided evidence from its own investigation," and, where requested, it has acted on behalf of prosecutors. *United States v. Causey*, 356 F. Supp. 2d 681, 691 (W.D. Tex. 2005). In this case, the SEC is part of the prosecution team, and thus all material documents in its possession must be disclosed to the defense under Rule 16 and *Brady*. Consequently, regardless of whether Etri testifies, the materials should be disclosed.

**C.     The Materials Are Discoverable If Etri Testifies**

In the alternative, even if this Court reaffirms its prior ruling that the SEC is not a part of the prosecution team, the requested materials are discoverable under Fed. R. Crim. P. 17. Mr. Baker's request satisfies the requirements of Rule 17(c) and *United States v. Nixon*, 418 U.S. 683 (1974).

*1.     The Materials are Relevant and Admissible*

The requested materials are relevant and admissible.[1] If Etri testifies, the action memoranda and other materials that he authored statements that would be admissible for impeachment purposes under Rule 613. Moreover, regardless of whether he testifies, the SEC's action memoranda are relevant and admissible in exactly the same way that the SEC's referral memoranda are relevant and admissible. The Fifth Circuit already held that the latter are not only relevant but highly probative and admissible. The same logic applies to the action memoranda.

---

[1] Mr. Baker concedes, of course, that trivial materials such as travel request authorizations are not relevant. Again, his core request is for the action memoranda.

3

## 2. The Request is not a Fishing Expedition

The SEC argues that Mr. Baker's request for documents is overly broad, vague, and is a fishing expedition—and thus that it fails *Nixon's* specificity requirement. In fact, Mr. Baker's request simply matched verbatim what this Court had already ordered disclosed. In its May 11 order, this Court ordered the United States to disclose: "all documents, such as memoranda written and received by Etri, relating to the SEC's investigation of ArthroCare up to the filing of the SEC's original complaint." (Dkt. 449 at 1.) When those materials were not produced by the Court's deadline, Mr. Baker served a subpoena requesting that Mr. Etri turn over "all documents, such as memoranda written and received by Etri, relating to the SEC's investigation of ArthroCare up to the filing of the SEC's original complaint." (Dkt. 493-2 at 4.) In short, Mr. Baker simply requested exactly what this Court had already ordered.

Moreover, after counsel for the SEC objected to the scope of the request, counsel for Mr. Baker offered to narrow the scope of the subpoena. The defense offered to limit the request to particular materials, namely:

> 1. Communications with the DOJ between January 2008 and the present regarding the SEC's or DOJ's investigation of Arthrocare or any employee, executive or officer of ArthroCare;
>
> 2. Notes or memoranda of communications with the DOJ between January 2008 and the present regarding the SEC's or DOJ's investigation of Arthrocare or any employee, executive or officer of ArthroCare;
>
> 3. Action memos prepared by the SEC Enforcement Staff to the Commission regarding the Staff's investigation of Arthrocare or any employee, executive, or officer of Arthrocare and recommending enforcement actions to be taken or not to be taken.

Counsel for the SEC rejected this offer. A copy of the correspondence between counsel is attached to this filing as Exhibit B.

4

Especially in light of that exchange, it is not true that Mr. Baker's subpoena was a broad and baseless fishing expedition. To the contrary, Mr. Baker remains willing to accept a narrower disclosure than the Court previously ordered—provided that the SEC turn over all materials that are exculpatory in their own right or relevant as impeachment material for Etri. In any event, Mr. Etri and the SEC have now provided a statement of materials that might be responsive to the subpoena, which helps to clarify what may be discoverable. Suffice it to say, Mr. Baker's core request is for the four action memoranda that were authored by Mr. Etri.

### 3.    *The SEC's Claim of Privilege is Insufficient to Defeat Disclosure*

The SEC claims that that all of the materials are privileged and thus that they cannot be disclosed regardless of whether Etri testifies. Mr. Baker can only repeat what he argued in his motion to compel production. A bare assertion of privilege cannot defeat disclosure, and the party asserting the privilege bears the burden of establishing every element of the privilege, including that it has not been waived by disclosure of either the documents themselves *or their contents*.[2]

Most importantly, a defendant's constitutional right to present a defense and to cross-examine witnesses can trump a privilege. *See United States v. Brown*, 634 F.2d 819, 824 (5th Cir. 1981) ("We agree that, in some cases, a privilege or rule of evidence must give way to the defendant's Sixth Amendment rights."); *see also United States v. Nixon*, 418 U.S. 683, 711–13 (1974) (stating that a claim of privilege must yield to the "demands of due process of law in the fair administration of criminal justice"). In addition, privileges must yield more easily when they are held by a government entity. 2 Mueller & Kirkpatrick, *Federal Evidence* § 6:10 (4th ed. &

---

[2] Mr. Etri's declaration does not state whether he ever discussed the contents of the four action memoranda with prosecutors or other third parties.

5

2017 update) (stating that a defendant's claim of a constitutional right to present evidence is "more likely to prevail" over a government-held privilege because "the state cannot simultaneously prosecute a defendant and deny his or her access to exculpatory evidence by asserting a privilege").  The SEC's claim that disclosure in this one case will cause future staffers to be more reticent when writing their action memoranda is dubious, and it is not sufficiently weighty to trump Mr. Baker's constitutional rights.

Finally, as this Court has already held, the proper response to an assertion of privilege is an *in camera* inspection.

**D.**     **Conclusion**

Mr. Baker reiterates his claim that the requested materials, and especially the four action memoranda, should be disclosed regardless of whether Etri testifies.  But in any event, this Court has already ruled that if Etri testifies, those materials must at a minimum be filed under seal with the Court for *in camera* inspection.  The arguments in the SEC's motion to quash do not provide any basis for altering that ruling.

Dated:  August 1, 2017             Respectfully submitted

/s/ Dennis P. Riordan
DENNIS P. RIORDAN (*pro hac vice*)
dennis@riordan-horgan.com
TED SAMPSELL-JONES (*pro hac vice*)
ted.sampselljones@mitchellhamline.edu
Riordan & Horgan
523 Octavia Street
San Francisco, CA 94102
Telephone:  (415) 431-3472

CHRISTIE WILLIAMS (Local counsel)
cwilliams@millsandwilliams.com
Mills & Williams
106 East 6th Street, Suite 900
Austin, TX 78701
Telephone (512) 322-5322

MARTHA BOERSCH (*pro hac vice*)
MBoersch@boerschshapiro.com
Boersch Shapiro LLP
1611 Telegraph Avenue, Suite 806
Oakland, CA 94612
Telephone: (415) 217-3700

JOHN CLINE (*pro hac vice*)
cline@johndclinelaw.com
Law Office of John D. Cline
One Embarcadero Center, Suite 500
San Francisco, CA 94111
Telephone:  (415) 662-2260

TYLER G. NEWBY (*pro hac vice*)
tnewby@fenwick.com
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:  (650) 988-8500

Attorneys for Defendant Michael Baker

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2017, I electronically transmitted the foregoing document to the clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the Court which caused a Notice of Electronic Filing to be transmitted to all ECF registrants.

>*/s/ Martha Boersch*
>Martha Boersch
>Boersch Shapiro LLP